## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CEDRIC GREENE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 18-1014-EFM-GEB |
| | ) |
| **GREYHOUND LINES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### ORDER

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3). For the reasons outlined below, Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 3**) is **GRANTED**.

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews that party's financial affidavit, and compares his or her monthly expenses with the monthly income disclosed therein.[3] In his short form

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at

application and affidavit, Plaintiff indicates he is not currently employed, and his sole source of income is his monthly disability income due to "many medical reasons" (ECF No. 3, sealed).  He owns no real estate or automobile, and appears to be without significant assets (*Id.*).  In keeping with the Court's liberal policy toward permitting proceedings *in forma pauperis*,[4] and after careful review of  Plaintiff's Motion and Affidavit of Financial Status (ECF No. 3), the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED**.  Although a grant of *in forma pauperis* status to a filing party would normally invoke service of process by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to **stay service** of any documents pending the District Court's review of the Report and Recommendation filed simultaneously herein (ECF No. 5).[5]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 6th day of February 2018.

                                                                s/ Gwynne E. Birzer
                                                                 GWYNNE E. BIRZER
                                                                 United States Magistrate Judge

---

*1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).
[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).