## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CEDRIC GREENE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )          **Case No. 18-1014-EFM-GEB** |
| | ) |
| **GREYHOUND LINES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## <u>REPORT AND RECOMMENDATION</u>

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 4.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2)(B), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. The court may also dismiss an *in forma pauperis* plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.[1] After application of these standards, the

---

[1] *See Babbs-Smith v. Northland Vill. Apartments*, No. 10-2623-JAR-DJW, 2011 WL 209505, at *1 (D. Kan. Jan. 21, 2011); *Brown v. Peter Francis Jude Beagle Law Office,* 08–3311–SAC, 2009 WL 536596, at *1 (D. Kan. Mar. 3, 2009) (citing *Trujillo v. Williams,* 465 F.3d 1210, 1216–17 (10th Cir. 2006)).

undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## Background

This case, filed January 12, 2018, is the third of four cases recently filed in this District by Mr. Greene: *Greene v. Harris*, 18-1026-JTM-KGG (filed January 30, 2018); *Greene v. Housing Authority of the City of Los Angeles*, No. 18-1009-EFM-KGG (filed January 8, 2018); and *Greene v. Sprint Nextel Corporation*, No. 18-1005-EFM-KGG (filed January 3, 2018). In two of these cases, the assigned U.S. Magistrate Judge has recommended dismissal for failure to state a claim upon which relief can be granted.[2]

Mr. Greene's Complaint reflects he is a resident of Los Angeles, California. (ECF No. 1, at 1.) He files suit against Greyhound Lines, Inc., on a complaint of intentional infliction of emotional distress. Plaintiff claims he also files suit on behalf of the communities of North Bend and Spokane, Washington. (*Id*., at 1-3.) He previously filed this claim in the District of Utah and in at least one other court in the state of Washington (*Id*., at 2.) He notes his case was dismissed in the District of Utah, and the Tenth Circuit Court of Appeals upheld the dismissal. It appears Mr. Greene is currently under filing restrictions in the District of Utah (*Id*.).

In his Complaint, he claims he purchased a round-trip ticket from Greyhound Lines to visit Oakland, California. After his wallet was stolen while in Oakland, he

---

[2] *See Greene v. Housing Authority of the City of Los Angeles*, No. 18-1009-EFM-KGG (Report and Recommendation of Dismissal, ECF No. 5, filed Jan. 9, 2018); and *Greene v. Sprint Nextel Corporation*, No. 18-1005-EFM-KGG (Report and Recommendation of dismissal, ECF No. 5, filed Jan. 9, 2018).

claims Greyhound would not permit him to utilize an earlier return trip home.  Although a complete picture of the circumstances is unclear from the Complaint, it appears the police were called to the Greyhound location before Plaintiff was permitted to return home on the bus. (*Id.*, at 3, 5.)

Plaintiff now files his claims in this District, because his wife has "family ties to the Wichita location."  (*Id.* at 3.)  He asks this Court to "waive jurisdiction," at least in part because he is under filing restrictions in "multiple states." (*Id.* at 4.)  He sues Greyhound for emotional distress, claiming he was "humiliated, insulted, disrespected, neglected" and directed to a homeless shelter, rather than being permitted to use his previously-purchase ticket.  (*Id.* at 5.)

## Analysis

As recited above, although Plaintiff has been permitted to proceed with his case *in forma pauperis* under 28 U.S.C. § 1915, that statute requires the Court to examine the pleadings for merit when determining Plaintiff's financial ability to pursue the action. The Court, on its own motion, must dismiss the case if it finds the action: 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.  The Court may also dismiss an *in forma pauperis* plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.[3]

---

[3] *See Babbs-Smith*, 2011 WL 209505, at *1; *see also Brown*, 2009 WL 536596, at *1 (citing *Trujillo,* 465 F.3d at 1216–17).

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[4] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[5] and the Court cannot "take on the responsibility of serving as his attorney in constructing arguments and searching the record."[6]

Given the information presented by Plaintiff, it is apparent the District of Kansas is not the proper venue for the filing of this lawsuit. "'Venue' refers to the place where a lawsuit should be brought, and must be proper for each claim pleaded."[7] Venue is proper under 28 U.S.C. § 1391(b) only when (1) one of the defendants resides in the district and all of the defendants reside in the state of that district, (2) the district is where a substantial part of the events occurred or where a substantial amount of property is situated, or (3) any defendant is subject to the court's personal jurisdiction if there is no district in which an action otherwise may be brought.[8]

The Court recommends that Plaintiff's Complaint be dismissed for improper venue, because his Complaint fails to meet any of the three requirements under 28 U.S.C. § 1391(b). First, Plaintiff fails to identify the residence of Defendant, and has given the Court no facts to support Defendant's residence in Kansas. Second, none of the events on which Plaintiff's lawsuit is based occurred in Kansas—Plaintiff apparently purchased a Greyhound ticket from Los Angeles to Oakland, California, and his interaction with the

---

[4] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[5] *Id.*

[6] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

[7] *Brown*, 2009 WL 536596, at *3 (citing *Sheldon v. Khanal,* No. 07–2112, 2007 WL 4233628 at *2 (D. Kan. Nov. 29, 2007)).

[8] *Young v. Ellis*, No. 2:13-CV-2558-EFM-TJJ, 2014 WL 2459189, at *2 (D. Kan. May 30, 2014)

police took place in Oakland. The only connection with the District of Kansas is that Plaintiff's spouse has family in the Wichita area, which is an insufficient basis on which to establish venue. Finally, Plaintiff could file his case in an appropriate California court, because the events are alleged to have occurred there. The third option, then, for proper venue does not apply because there is another district where this action may be brought. Therefore, the District of Kansas is an improper venue for this action, and the case may be dismissed on that basis alone.

Related to the issue of venue is the question of the Court's personal jurisdiction, or power, over Defendant.[9] The Court must have personal jurisdiction over all named defendants in order to hear and decide a case. Although it is unnecessary to discuss personal jurisdiction in detail, in light of the recommended dismissal on grounds of improper venue,[10] the Court finds Plaintiff fails to provide information that would demonstrate this Court's personal jurisdiction over Greyhound Lines. Therefore, the case is also subject to dismissal for lack of personal jurisdiction. In fact, Plaintiff admits this Court has no jurisdiction, as he specifically asks "that Kansas officials waive jurisdiction."

## Conclusion

"When a personal jurisdiction or improper venue defense 'is obvious from the face of the complaint and no further factual record is required to be developed,' a district court

---

[9] *Brown*, 2009 WL 536596, at *1.

[10] Y*oung*, 2014 WL 2459189, at *2 ("Because the complaint must be dismissed for improper venue pursuant to Rule 12(b)(3), it is not necessary for the Court to discuss the Defendants' other grounds for dismissal.").

may properly consider such defenses sua sponte."[11]  "[T]he district court may dismiss under § 1915 only if 'it is clear that the plaintiff can allege no set of facts' to support personal jurisdiction or venue."[12]

After careful review, and being mindful that he proceeds on a pro se basis, the Court finds the Complaint presented by Plaintiff presents no set of facts from which the Court could find that the District of Kansas is the proper venue for this action, nor any facts to support the Court's exercise of personal jurisdiction over Defendant.[13]  Therefore, it is recommended that the Court dismiss Plaintiff's claims under 28 U.S.C. 1915(e)(2)(B) for failing to state a claim which supports either venue or personal jurisdiction.[14]

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against Greyhound Lines, Inc. be dismissed under 28 U.S.C. 1915(e)(2)(B) for failing to state a claim which supports either venue or personal jurisdiction.

---

[11] *Babbs-Smith*, 2011 WL 209505, at *1.

[12] *Brown*, 2009 WL 536596, at *1 (quoting *Trujillo,* 465 F.3d at 1216–17).

[13] *See Brown*, 2009 WL 536596, at *1 (quoting *Trujillo,* 465 F.3d at 1216–17 (other internal citation omitted)).

[14] The Court notes it is entirely possible that Plaintiff's claims are also time-barred.  More than three years have elapsed since the events occurred on January 10, 2015.  "California Code of Civil Procedure section 340(3) provides a one-year statute of limitations for an action for personal injury caused by the wrongful act or neglect of another."  *Crowley v. Peterson*, 206 F. Supp. 2d 1038, 1041 (C.D. Cal. 2002).

And, this Court has serious concerns whether Plaintiff states a viable claim for relief. From the allegations presented in the Complaint, it appears quite likely that Plaintiff's claims have already been adjudicated in at least one, if not additional, jurisdictions.  Therefore, claim preclusion may prevent his prosecution of his claim here.  However, the Court does not find it necessary to address either issue given the recommendation of dismissal on other grounds.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.   Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.   Failure to make a timely objection waives appellate review of both factual and legal questions.[15]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 6th day of February 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[15] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).